# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1868

_____

Michael Patrick Gavin,

        Appellant,

v.

Thomas Vilsack,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: December 16, 1999
Filed:   December 22, 1999

_____

Before MURPHY and MAGILL Circuit Judges, and SMITH\*, District Judge.

_____

PER CURIAM.

      This matter is before the court on appeal from an order of the district court[1] terminating a consent decree involving disciplinary segregation inmates at the Iowa State Penitentiary. A class of inmates sued the governor of Iowa and various prison officials about the conditions at the penitentiary, and a consent decree was entered in

_____

     [\*]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri, sitting by designation.

     [1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

1984 and a supplement approved in 1988. Subsequently Congress enacted the Prison Litigation Reform Act, 18 U.S.C. §3626 (PLRA), which provides a mechanism for terminating prospective relief granted in the absence of court findings that the relief was narrowly drawn, that it extended no further than necessary to correct the violation of a federal right, and that it was the least intrusive means necessary to correct the violation. 18 U.S.C. §3626(b)(2). Iowa authorities then moved under PLRA to terminate the consent decree in this case since the required findings had not been made.

Appellant Gavin, a member of the inmate class, argued in opposition to the motion to terminate that the constitutional rights of inmates continue to be violated by prison officials in a number of ways, including the use of strip cells and restraints and restrictions on exercise. Prospective relief need not be terminated under PLRA if the court makes the required findings "based on the record" and finds that prospective relief remains necessary to correct current and ongoing violations of federal rights. 18 U.S.C. §3626(b)(3). After an evidentiary hearing, the district court made specific findings relevant to the motion to terminate. It specifically found that there were occasional transgressions of the consent decree, but that they did not constitute "'current and ongoing' violations of federal rights that require correction by continued prospective relief." The court also found that the evidence "did not prove violations that are pervasive and systematic" or "that prospective relief remains necessary to correct a current and ongoing violation of the Federal right." The district court granted the motion to terminate and then denied appellant's motion to alter or amend the judgment.

After reviewing the record and briefs, we agree with the District Court and affirm without further discussion. See 8th Cir. R. 47B.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.